IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HARRY W. ANDERSON, | § | |
| | § | |
| Defendant Below- | § | No. 446, 2017 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1206018361 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: February 5, 2018
Decided: March 14, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

# **O R D E R**

This 14th day of March 2018, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears that:

(1)    The appellant, Harry Anderson, filed this appeal from a Superior Court order, dated October 10, 2017, denying his motion to withdraw his guilty plea. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Anderson's opening brief that his appeal is without merit. We agree. Thus, we affirm the Superior Court's judgment, although we do so on independent and alternative grounds.[1]

---

[1] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (the Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).

(2) Anderson pled guilty in January 2013 to two counts of Burglary in the Third Degree. On September 20, 2013, his scheduled sentencing date, Anderson filed a *pro se* motion to withdraw his guilty plea, which the Superior Court denied. The Superior Court sentenced Anderson as a habitual offender to a total period of nine years at Level V incarceration, to be suspended after serving six years for eighteen months at Level III probation. This Court affirmed Anderson's convictions and sentence on direct appeal.[2]

(3) Since that time, Anderson has filed several motions seeking modification or correction of his sentence. He also filed a motion for postconviction relief under Superior Court Criminal Rule 61, which the Superior Court denied.[3] Anderson did not appeal that ruling. In October 2017, Anderson filed another motion seeking to withdraw his guilty plea. The Superior Court considered Anderson's motion under Superior Court Criminal Rule 32(d) and denied the motion, holding that there was no "fair and just reason" to permit withdrawal.[4]

(4) Although we affirm the Superior Court's denial of Anderson's motion, we do so on other grounds. Superior Court Criminal Rule 32(d) only applies to motions to withdraw a plea that are filed before "imposition or suspension of

---

[2] *Anderson v. State*, 2014 WL 3511717 (Del. July 14, 2014).
[3] *State v. Anderson*, 2015 WL 121879 (Del. Super. Jan. 6, 2015).
[4] Del. Super. Ct. Crim. R. 32(d).

sentence."[5]  After sentencing, "a plea may be set aside only by motion [filed] under Rule 61."[6]  Anderson was sentenced in 2013.  Thus, his motion to withdraw his plea filed in 2017 was properly considered applying the standards of Rule 61.  This was Anderson's second motion for postconviction relief following the entry of his guilty plea in 2013.  A second or subsequent postconviction motion following the entry of a guilty plea is subject to summary dismissal under Rule 61(d)(2).[7]  The Superior Court did not err in denying Anderson relief.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_/s/ Leo E. Strine, Jr._

Chief Justice

---

[5] *Id.*

[6] *Id.*

[7] Del. Super. Ct. Crim. R. 61(d)(2) (holding that a second or subsequent Rule 61 motion "shall be summarily dismissed, unless the movant was convicted after a trial and the motion" meets additional criteria under the rule).